## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OFCOLUMBIA

| | |
|---|---|
| **WARREN COOPER**<br>13709 Kaywood Drive<br>Woodbridge, Virginia 22193<br>                Plaintiff<br>    vs. | )<br>)<br>)<br>)<br>)<br>) |

CIVIL NO. _____

**DISTRICT OF COLUMBIA**
**Serve:**
Mr. Irvin B. NATHAN
Attorney General For the District of Columbia
441 4th Street, N.W.
Washington, D.C. 20001

**Officer Joshua ARANA-JIMENEZ #3238**
Metropolitan Police Department
Fourth District
6001 Georgia Avenue, N.W.
Washington, D.C. 20010

**Officer Nancy MERCEDES #2317**
Metropolitan Police Department
Fourth District
6001 Georgia Avenue, N.W.
Washington, D.C. 20010

**Officer Allison L. HAMILTON #2090**
Metropolitan Police Department
Fourth District
6001 Georgia Avenue, N.W.
Washington, D.C. 20010

**Supervisor Laura TAGGART #S0523**
Metropolitan Police Department
Fourth District
6001 Georgia Avenue, N.W.
Washington, D.C. 20010

**Cathy L. LANIER**
Chief of Police
Metropolitan Police Department
300 Indiana Avenue, N.W.
Washington, D.C. 20001
and

**Metropolitan Police Department**      )
300 Indiana Avenue, N.W.          )
Washington, D.C. 20001          )
_____Defendants_____)

## COMPLAINT

COMES NOW the Plaintiff, WARREN COOPER, (hereinafter "Plaintiff" or "Cooper"), by and through counsel, Daniel K. Dorsey and the Law Offices of Daniel K. Dorsey and Harry Tun and the Law Offices of Harry Tun, and sues the District of Columbia, MPD Officers Arana-Jimenez (badge #3238), Mercedes (badge #2317), Hamilton (badge #2090), Supervisor Taggart (badge #S0523), Chief of Police Lanier, and states:

## I. NATURE OF ACTION

1.   This is a civil action seeking damages against Defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution, and the laws of the United States, for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.   Specifically, in effecting a warrantless arrest of the Plaintiff, the Defendants did, without probable cause or reasonable justification, assault the Plaintiff numerous times and used excessive force in attempting to arrest Plaintiff.

2.   In reasonable fear for his life, Plaintiff tried to protect himself, retreated, cowered and lay on the ground while the officers physically beat and kicked him, and then took him into custody and took him to Washington Hospital Center where he was treated for his injuries and arrested therein.

**JURISDICTION AND VENUE**

3.   The U.S. District Court for the District of Columbia has jurisdiction under 42 U.S.C.

Section 1983 and 28 U.S.C. Section 1343.

4.   The U.S. District Court for the District of Columbia also has jurisdiction pursuant to Title

28 U.S.C. Section 1331.

5.   The Plaintiff is a current resident of Woodbridge in Prince William County Virginia.

6.   Venue is proper in this Honorable Court pursuant to 28 U.S.C. Section 1391(b)(2).   The

Plaintiff was seized, arrested and taken into police custody in the District of Columbia.


**PARTIES**

7.   Plaintiff adopts and incorporates by reference the allegations, averments and statements

contained in Paragraphs 1-6 as if fully set forth herein.

8.   Plaintiff WARREN COOPER (hereinafter "Cooper" or "Plaintiff") is a resident of

Woodbridge, Virginia and at all times relevant to the allegations of this Complaint was a resident

of Odenton, Maryland and a citizen of the United States.

9.   Defendant District of Columbia is a municipal government that promulgated policies and

practices in violation of District of Columbia law that led to the injuries inflicted upon Plaintiff

Cooper.   At all relevant times, it employed Defendants MPD Officer Arana-Jimenez (badge

#3238), MPD Officer Mercedes (badge #2317), MPD Officer Hamilton, (badge #2090),

Supervisor, and the Chief of Police.

10. At all relevant times, on July 15, 2013, Defendant Officer Arana-Jimenez was a police

officer employed by the D.C. Metropolitan Police Department ("MPD") to perform duties at and

near 935 Kennedy Street, N.W. in Washington, D.C.   At all relevant times he was acting in his

official capacity and under color of law.  He was acting within the scope of his employment at that time. He is sued in his individual and in his official capacity.

11. At all relevant times, on July 15, 2013, Defendant Officer Mercedes was a police officer employed by the D.C. Metropolitan Police Department ("MPD") to perform duties at and near 935 Kennedy Street, N.W. in Washington, D.C.   At all relevant times she was acting in her official capacity and under color of law.  She was acting within the scope of her employment at that time. She is sued in her individual and in her official capacity.

12. At all relevant times, on July 15, 2013, Defendant Officer Hamilton was a police officer employed by the D.C. Metropolitan Police Department ("MPD") to perform duties at and near 935 Kennedy Street, N.W. in Washington, D.C.   At all relevant times she was acting in her official capacity and under color of law.  She was acting within the scope of her employment at that time. She is sued in her individual and in her official capacity.

13. At all relevant times, on July 15, 2013, Defendant Supervisor Taggart was a Supervisor police officer employed by the D.C. Metropolitan Police Department ("MPD") to perform duties at and near 935 Kennedy Street, N.W. in Washington, D.C.   At all relevant times she was acting in her official capacity and under color of law.  She was acting within the scope of her employment at that time. She is sued in her individual and in her official capacity.

14. Defendant Cathy Lanier, Chief of Police for District of Columbia, was responsible for the policies and practices that led to the unjustified assault and beating of the Plaintiff.   As such she was the commanding officer of the Defendants ARANA-JIMENEZ, MERCEDES, HAMILTON, and TAGGART was responsible for their training, supervision and conduct.  She was responsible by law for enforcing the regulations of the Metropolitan Police Department and for ensuring District of Columbia police personnel obey the laws of the District of Columbia and of

the United States.  At all relevant times, she was acting in such capacity as the agent, servant,

and employee of the Defendant District of Columbia.    She is sued in her individual and in her

official capacity.

15. At all times relevant hereto, and in all their actions described herein, Defendants

ARANA-JIMENEZ, MERCEDES, HAMILTON, TAGGART, and LANIER were acting under

color of law and pursuant to their authority as police personnel/agents for the District of

Columbia and Metropolitan Police Department.


### STATEMENT OF FACTS RELEVANT TO ALL COUNTS

16. Plaintiff adopts and incorporates by reference the allegations, averments and statements

contained in Paragraphs 1-15 as if fully set forth herein.

17. Upon information and belief, on July 15, 2013, Plaintiff was at 935 Kennedy Street, N.W.

in Washington, D.C.

18. On or about July 15, 2013, Plaintiff was injured by being sprayed with mace, and

physically beaten by members of the Metropolitan Police Department in the District of

Columbia.

19. Upon information and belief, the MPD Officers who sprayed with mace and beat Plaintiff

include but are not limited to Defendants Officer ARANA-JIMENEZ and Officer MERCEDES.

20. Upon information and belief, the Defendant Officer ARANA-JIMENEZ and the

Defendant Officer MERCEDES initially sprayed mace without warning to blind Plaintiff, then

constantly beat Plaintiff Cooper in the lobby of 935 Kennedy Street, N.W., physical pushed him

outside, wherein the Defendant Officer ARANA-JIMENEZ and the Defendant Officer

MERCEDES beat with clubs, punched and kicked Plaintiff all the while Plaintiff Cooper lay in a

fetal position, in the course of allegedly attempting to assist Plaintiff Cooper, at 935 Kennedy Street, N.W. in Washington, D.C. to retrieve his belongings.

21. Upon information and belief, the Defendant Officers ARANA-JIMENEZ and MERCEDES only stopped the attack when other officers from the MPD arrived.

22. Upon information and belief, the Metropolitan Police Department alleged that Plaintiff attacked and struck Officer ARANA-JIMENEZ and Officer MERCEDES at 935 Kennedy Street, N.W. in Washington, D.C.

23. Upon information and belief, the Defendant Officers HAMILTON, and TAGGART prepared official police reports, falsely and without regard to the truth, to cover-up the attack and assault by their fellow Defendant Officers ARANA-JIMENEZ and Officer MERCEDES.

24. Plaintiff avers that the MPD Police, through the actions of the Defendant Officers ARANA-JIMENEZ, MERCEDES, HAMILTON, and TAGGART did spray mace, assault, and beat, then falsify official police reports.

25. Upon information and belief, the MPD Police falsely alleged that the Plaintiff Cooper tried to injure two armed MPD Police Officers, including filing false police reports and assisting in the false charges against Plaintiff Cooper.

26. During the spraying of mace by the Defendant MPD Officers, Plaintiff Cooper was temporarily blinded, thereafter upon receiving numerous physical blows to his head, Plaintiff temporarily lost consciousness as a result of injuries from the numerous beating, kicking, and blood loss and was transported to the Washington Hospital Center where he was treated for serious injuries sustained as a result of numerous beatings and kicking to his groin, thighs, torso, hands, eyes, and head.

27. Plaintiff avers that he suffered serious injuries due to the beatings to his head and body, including but not limited to difficulties in walking and balance as well as eyesight.   The final nature and extent of Plaintiff's permanent injuries is not known at this time.  The Plaintiff suffered and continues to suffer great physical, mental and emotional pain and duress as a result of the assaultive behavior of the Defendants.

28. Plaintiff avers that, throughout this event herein described, Plaintiff was unarmed and had no weapon of any kind.

29. Upon information and belief, sometime prior to July 15, 2014, Defendant Chief of Police Lanier promulgated the policy of the District of Columbia Metropolitan Police Department for the use of force, set forth in the Metropolitan Police Department Manual.  Such section was the official custom and policy of the Metropolitan County Police Department for the use of force on July 15, 2013.

30. Upon information and belief, sometime prior to July 15, 2013, Defendant Chief of Police Lanier promulgated the policy of the Metropolitan Police Department for the use of deadly force, set forth in the Metropolitan Police Department Manual.  Such section was the official custom and policy of the Metropolitan Police Department for the use of force on July 15, 2013.

31. After the date of arrest, on or about July 15, 2013, Defendants maliciously and without reasonable or probable cause therefore went and falsely prepared reports so that a charge of Assaulting a Police Officer (Misdemeanor) would be charged against Plaintiff.

32. While Defendant Police Officers and others members of the Metropolitan Police Department were acting or attempting to act in Defendant District of Columbia's interest, Defendant Police Officers ARANA-JIMENEZ, MERCEDES, HAMILTON, and TAGGART, and other Metropolitan Police Department personnel, such as Defendants Officer HAMILTON,

Supervisor TAGGART, and Defendant Chief of Police LANIER thereupon proceeded to cause, allow, and permit the hereinabove process to be issued and thereafter filed against Plaintiff at the Superior Court, in the District of Columbia, causing restrictions on Plaintiff's liberty, including the necessity of posting bail following his arrest, the taking of his clothing, and the physical displacement of Plaintiff .

33. Upon information and belief, on or about September 10, 2013, prior to the trial date of September 11, 2013, the United States Attorney's Office, after viewing a video of the arrest, before, during and after the alleged assault on the police officer charge, filed a motion to *nolle prosequi* or dismiss the charge against Plaintiff, which was granted by the presiding judge, the Honorable Truman Morrison, III.

34. The Plaintiff's acquittal on the above charges was the final determination of said charges.

35. As a result of the misconduct hereinbefore described, Plaintiff experienced humiliation, emotional distress, pain and suffering, incurred expenses, including but not limited to loss of education, employment opportunities, and hospital expenses in connection with his defense on the charge that was lodged against him, and was otherwise damaged.   Plaintiff was also physically and mentally injured as a result of the conduct alleged hereinabove.

36. Upon information and belief, the abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the Metropolitan Police Department, which was known and ratified by the Defendants and Defendant District of Columbia, the Defendants having at no time taken any effective action to prevent the Metropolitan Police Department personnel from continuing to engage in such misconduct.

37. Upon information and belief, Defendants and Defendant Metropolitan Police Department had prior notice of the vicious propensities of the Defendant Police Officers, but took no steps to

train them, correct their abuse of authority, or to discourage their unlawful use of authority.   The

failure to properly train Defendant Police Officers included the failure to instruct them in

applicable provisions of the District of Columbia Code and Constitution and with the proper and

prudent use of force.

    38. The assaulting and beating of the Plaintiff by the Defendant Police Officers ARANA-

JIMENEZ, MERCEDES, HAMILTON, and TAGGART was one of several recent cases where

Metropolitan Police Department officers have assaulted and beaten civilians.    These assaults

and beatings were part of a pattern of excessive force by Metropolitan Police Officers.  These

uses of excess force, including that on Plaintiff COOPER, were the result of a municipal policy

and custom, implemented and controlled by Defendant Chief of Police LANIER, of providing

inadequate training and supervision for its officers in how to handle street encounters with

civilians without unnecessary use of force, particularly excessive force.  This policy and custom

showed a negligent and reckless disregard for the safety and health of citizens with whom the

Metropolitan Police Department officers come into contact.

    39. Upon information and belief, Defendants and Defendant Chief of Police LANIER

authorized, tolerated as institutionalized practices, and ratified the misconduct herein-before

detailed by:

    a.     Failing to properly discipline, restrict and control employees, including

           Defendants, known to be irresponsible in their dealings with citizens of the

           community;

    b.     Failing to take adequate precautions in the training and supervision, hiring,

           promotion and retention of police personnel, including specifically Defendants;

c.      Failing to forward to the Office of the Attorney General and/or the U.S.
        Attorney's Office for the District of Columbia evidence of criminal acts
        committed by police personnel;

d.      Failing to establish and/or assure the functioning of a bona fide and meaningful
        departmental system for dealing with complaints of police misconduct.  This
        conduct also constitutes gross negligence under District of Columbia law.

40. In the Warren COOPER case, Defendant Officers ARANA-JIMENEZ, MERCEDES, HAMILTON, and TAGGART were grossly negligent and reckless in multiple ways that led to the assault and beating of Plaintiff COOPER as well as the cover-up thereafter, including but not limited to falsifying official documents.   This misconduct included:  (1) initiating an attack on Plaintiff COOPER without any basis to believe that he had committed or was committing any crime; (2) Officer MERCEDES initiating an unnecessary and unlawful encounter with Plaintiff COOPER in the lobby of 935 Kennedy Street, N.W. Washington D.C by utilizing mace on Plaintiff COOPER when no basis for such existed; (3) Officer ARANA-JIMENEZ assaulted without warning and with Officer MERCEDES preceded to punch, kick and beat Plaintiff Cooper as he lay on the ground; (4) Officer ARANA-JIMENEZ and Officer MERCEDES mishandling of their encounter with Plaintiff COOPER that foreseeably escalated into a violent beating of Plaintiff COOPER, such that the injuries incurred were such that medical treatment at the Washington Hospital Center was required; and a failure to properly supervise Officers ARANA-JIMENEZ and MERCEDES, with Defendant Officer HAMILTON preparing false police reports, which were reviewed and approved by Defendant Supervisor TAGGART during this episode.

41. Plaintiff avers that, based upon the false charge placed on him by the Defendant Police Officers, Plaintiff COOPER was held before being released and subsequent months later having the charge dismissed by the U.S. Attorney's Office for the District of Columbia prior to the day of trial.

42. Plaintiff avers that he was held on a false statement of probable cause, to wit, that he tried to use the force to injure a police officer, when in fact, such charge were not true and falsely used to justify the assault and beating of Plaintiff by the Defendant Officers and MPD.

43.  As a consequence of the Defendants' abuse of authority and the false chargesfiled against Plaintiff as detailed above, Plaintiff sustained the damages hereinabove alleged.

## COUNT I

44. Plaintiff adopts and incorporates by reference the allegations, averments and statements contained in Paragraphs 1-47 as if fully set forth herein.

45. As a result of their concerted unlawful and malicious physical abuse of the Plaintiff, Defendant Officers ARANA-JIMENEZ, MERCEDES, HAMILTON, and TAGGART, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his right to equal protection of the laws and impeded the due course of justice, in violation of the Fifth and Fourteen Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff WARREN COOPER demands judgment, jointly and severally, against all the Defendants:

A.    Compensatory damages in the amount of Ten Million Dollars ($10,000,000.00).

B.    Punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

C.     Attorney's fees pursuant to 42 U.S.C. §1988.

D.     Such other and further relief as the Court deems just and equitable.

## COUNT II

46. Plaintiff adopts and incorporates by reference the allegations, averments and statements contained in Paragraphs 1-49.

47. Acting under color of law and the authority of Defendant District of Columbia, Defendant Police Officers, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights caused Plaintiff to be deprived of his constitutional rights, including but not limited to those under the Fourth, Fifth, Sixth and Eighth Amendments by:

A.   Using a degree of force that was unreasonable under the circumstances and in violation of Plaintiff's right to be free of an unreasonable seizure under the Fourth Amendment;

B.   Subjecting Plaintiff to punishment without the benefit of a trial by jury in violation of his rights under the Sixth and Eighth Amendments; and

C.   Depriving Plaintiff of his liberty by subjecting him to unwarranted and unreasonable restraints on his person without due process in violation of his rights under the Fifth Amendment.

48. Defendant Chief of Police Lanier, under of color of law, intentionally, negligently and with complete and deliberate indifference to Plaintiff's rights, caused Plaintiff to be deprived of his constitutional rights including but not limited to the Fourth, Fifth, Sixth and Eighth Amendments by:

A.   Failing to supervise properly the training and conduct of Defendant Police Officers;

B.  Failing to enforce the laws of the District of Columbia and the provisions of the Constitution of the United States concerning the use of force by members of the Metropolitan Police Department while making an arrest; and

C.  Promulgating and issuing the relevant sections of the Police Manual that deal with deadly force.

49. Plaintiff's injuries and deprivations of constitutional rights were proximately caused by Defendant Chief of Police Lanier's:

A.  Inadequate supervision of the training and conduct of the Defendant Police Officers;

B.  Failure to enforce the laws of the District of Columbia and the provisions of the Constitution of the United States; and

C.  Issuance of vague, confusing and contradictory policies concerning the use of force that are inconsistent with the requirements of the Fourth, Fifth, Sixth, and Eight Amendments of the United States Constitution and 42 U.S.C. § 1983.

50. Defendant District of Columbia, under color of law, intentionally, negligently, and with complete and deliberate indifference for Plaintiff's rights, authorized, permitted and tolerated the custom and practice of the un-constitutional and excessive use of force by members of the Metropolitan Police Department and, in particular Defendant Police Officers; by failing to:

A.  Appoint, promote, train and supervise members of the Metropolitan Police Department who would enforce the laws in effect in District of Columbia and who would protect the constitutional rights of the people of District of Columbia;

    B.  Require Defendant Chief of Police to promulgate procedures and policies for the use of firearms that were consistent with the Fourth, Fifth, Sixth, and Eight Amendments of the United States Constitution; and

    C.  By permitting the policy and custom of using unreasonable force to exist and to be followed by the Metropolitan Police Department,

Thereby proximately causing the deprivation of Plaintiff's rights under the Fourth, Fifth, Sixth, and Eight Amendments of the United States Constitution and 42 U.S.C. § 1983.

    WHEREFORE, Plaintiff WARREN COOPER demands judgment, jointly and severally, against all the Defendants:

    A.  Compensatory damages in the amount of Ten Million Dollars ($10,000,000.00).

    B.  Punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

    C.  Attorney's fees pursuant to 42 U.S.C. §1988.

    D.  Such other and further relief as the Court deems just and equitable.

## COUNT III

51. Plaintiff adopts and incorporates by reference the allegations, averments and statements contained in Paragraphs 1-53.

52. There was no warrant for the arrest of the Plaintiff on July 15, 2013.   The arrest of Plaintiff by Defendant Officers ARANA-JIMENEZ, MERCEDES, HAMILTON, and TAGGART, and other police personnel, as described hereinabove, was without reasonable grounds for said Defendants to believe that Plaintiff had committed an offense and Defendants knew they were without probably cause to arrest Plaintiff.

53. Neither at the time of the arrest, as stated hereinabove, nor at any time was Plaintiff informed of the grounds for arrest.  No complaint, information, or indictment was ever sworn against Plaintiff alleging offenses occurring prior to the moment Defendant Officers ARANA-JIMENEZ, MERCEDES, HAMILTON, and TAGGART announced to Plaintiff that he was under arrest.

54. As a result of their concerted and unlawful and malicious arrest of Plaintiff, Defendant Officers ARANA-JIMENEZ, MERCEDES, HAMILTON, and TAGGART deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteen Amendments of the Constitution of the United States and 42 U.S.C. §1983.

55. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteen Amendments of the Constitution of the United States and 42 U.S.C. §1983.

WHEREFORE, Plaintiff WARREN COOPER demands judgment, jointly and severally, against all the Defendants:

A.  Compensatory damages in the amount of Ten Million Dollars ($10,000,000.00).

B.  Punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

C.  Attorney's fees pursuant to 42 U.S.C. §1988.

D.  Such other and further relief as the Court deems just and equitable.

<u>COUNT IV</u>
**PENDENT STATE CAUSES OF ACTION**

56. Plaintiff adopts and incorporates by reference the allegations, averments and statements contained in Paragraphs 1-59.

57. Heretofore and on or about December 30, 2013, the Plaintiff caused a written Notice of Claim to be filed with and served upon the proper officers, agents, and employees of the Defendant District of Columbia, pursuant to the statutes in such case made and provided.  A copy of the Notice of Claim is attached hereto as **Exhibit A** as is the receipt of said Notice by the Office Of Risk Management, and is adopted and incorporated and made a part hereof.

58. The acts and conduct hereinabove alleged constitute false arrest and imprisonment, assault and battery, malicious prosecution, abuse of process, prima facia tort, conspiracy tort, negligence, gross negligence under the laws of the District of Columbia.

59. The acts and conduct hereinabove alleged constitute claims for negligent hiring and retention and respondeat superior liability under the laws of the District of Columbia.   This Court has pendent jurisdiction to hear and adjudicate these claims:

WHEREFORE, Plaintiff WARREN COOPER demands judgment, jointly and severally, against all the Defendants:

A.  Compensatory damages in the amount of Ten Million Dollars

($10,000,000.00).

B.  Punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

C.  Attorney's fees pursuant to 42 U.S.C. §1988.

D.  Such other and further relief as the Court deems just and equitable.

## COUNT V
### PENDENT STATE CAUSES OF ACTION

60. Plaintiff adopts and incorporates by reference the allegations, averments and statements

contained in Paragraphs 1-63.

61. Heretofore and on or about December 30, 2013, the Plaintiff caused a written Notice of

Claim to be filed with and served upon the proper officers, agents, and employees of the

Defendant District of Columbia, pursuant to the statutes in such case made and provided.  A

copy of the Notice of Claim is attached hereto as **Exhibit A**, and is adopted and incorporated and

made a part hereof.

62. In the alternative, Plaintiff alleges that the foregoing conduct, described hereinabove,

sounds in negligence and/or gross negligence.

63. That the Defendants had a duty to the Plaintiff—to wit- to protect him, to honor the U.S.

Constitution and uphold the laws of the District of Columbia.

64. That the Plaintiff is within the scope of citizens to whom the Defendants owed a duty.

65. That the Defendants, based upon the foregoing factual allegations, did breach theory

collective duty to Plaintiff, including but not limited to-- by (a) arresting him without probable

cause (b) used excessive force to attempt to arrest Plaintiff (c) used excessive force even after

Plaintiff had passed the Defendant Police Officers, (d) caused the filing of false and un-true

criminal charge against the Plaintiff; (e) took the above actions that led to the continued detention of the Plaintiff.

66. That as a direct and proximate result of the Defendant's breaches of their duties to Plaintiff, Plaintiff has suffered damages.

67. The acts and conduct hereinabove alleged constitute claims for negligent hiring and retention and respondeat superior liability under the laws of the District of Columbia.   This Court has pendent jurisdiction to hear and adjudicate these claims:

    WHEREFORE, Plaintiff WARREN COOPER demands judgment, jointly and severally, against all the Defendants:

    A.  Compensatory damages in the amount of Ten Million Dollars ($10,000,000.00).

    B.  Punitive damages in the amount of Ten Million Dollars ($10,000,000.00).

    C.  Attorney's fees pursuant to 42 U.S.C. §1988.

    D.  Such other and further relief as the Court deems just and equitable

## JURY DEMAND

Plaintiff demands a jury trial on all counts of this Complaint.

_____
Daniel K. Dorsey, Esquire
D.C. BAR NO: 430057

Respectfully submitted,

LAW OFFICES of Daniel K. Dorsey

_____
Daniel K. Dorsey, Esquire
D.C. BAR NO: 430057
400 Fifth Street, N.W. #300-D
Washington, D.C. 20001
(202) 347-9000
Attorney for Plaintiff

LAW OFFICE of Harry Tun

_____
Harry Tun, Esquire
D.C. BAR NO. 416262
400 Fifth Street, N.W.
Suite 300
Washington, D.C. 20001
 (202) 393-2882 (tel)
 (202) 783-5407 (fax)
Attorney for Plaintiff